### CAVANAGH *v.* OCEAN STEAM NAV. CO.

(*Supreme Court, General Term, First Department.* December 29, 1890.)

PLEADING—MOTIONS TO STRIKE OUT.

In an action by an administrator for damages for the death of his intestate from injuries by the collision of two British ships, brought under an act of parliament authorizing such action, the answer set up that the act required every action under it to be brought within 12 months after the death, and that this action was not commenced within the 12 months. Plaintiff, replying to these allegations, as to the first, denied any knowledge or information sufficient to form a belief, and, as to the allegation in respect to the commencement of the action, denied the same on information and belief. *Held* that, as it appeared from the complaint that the action was commenced nearly two years after the death of plaintiff's intestate, the former denial might, on motion, be stricken out as sham, but that the denial as to the contents of the act, though probably false, being in the language authorized by Code Civil Proc. § 514, and not being shown to be false by anything in the record, could not be so stricken out. Affirming 11 N. Y. Supp. 547.

Motion for reargument.

For decision on hearing of appeal, see 11 N. Y. Supp. 547. For previous decisions, see 1 N. Y. Supp. 418; 9 N. Y. Supp. 198.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Thomas P. Wickes,* for plaintiff. *Lawrence Godkin,* for defendant.

VAN BRUNT, P. J. The learned counsel for the plaintiff is entirely mistaken in supposing that due deliberation was not had before the decision in this case was announced, because of the large number of other cases which were decided at the same time. We see no reason to modify anything that was said in that opinion, which in our opinion characterized in none too harsh terms what seems to us to be reckless swearing to a pleading of the most reprehensible kind. The rules as to the verification of the method of allegation and denial in pleadings are liberal enough to enable any party truthfully to raise any issue without requiring that resort should be had to manifestly false allegation. The motion for a new trial should be denied, with $10 costs.

DANIELS, J., (*concurring.*) I agree that this is not a case for a reargument. It was fully considered, and the verification conspicuously improper.

BRADY, J., concurs.